# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1571

_____

Tony Cohrs,                                          *
                                                     *
            Appellee,                                *
                                                     *
      v.                                             *
                                                     *
Larry Norris, Director, Arkansas                     *
Department of Correction; G.                         *
Guntharp, Assistant Director,                        *   Appeal from the United States
Arkansas Department of Correction,                   *   District Court for the
                                                     *   Eastern District of Arkansas
            Defendants,                               *
                                                     *      [UNPUBLISHED]
                                                     *
Rick Toney, Warden, Arkansas                         *
Department of Correction,                            *
originally sued as Rickie Toney; L.                  *
Johnson, CO-I, Varner Unit,                          *
Arkansas Department of Correction,                   *
                                                     *
            Appellants.                               *

_____

Submitted:  March 31, 2000

Filed:  April 24, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
      Judges.

_____

PER CURIAM.

In this interlocutory appeal, Warden Rick Toney and Correctional Officer Loney Johnson appeal from an order entered in the District Court for the Eastern District of Arkansas, denying their motion for summary judgment based on qualified immunity. Tony Cohrs, a white inmate at the Varner Unit in Arkansas, submitted his 42 U.S.C. § 1983 complaint against Toney and Johnson, among others, alleging they failed to protect him from an attack by several African-American inmates, in violation of the Eighth Amendment. For reversal, Toney and Johnson argue they did not know about the attack ahead of time; they had no reason to believe an attack would occur; and, contrary to Cohrs's contention, failing to balance the barracks according to race is not a violation of the Eighth Amendment. For the reasons discussed below, we affirm in part, reverse in part, and remand.

Although a denial of summary judgment is not a final decision, when the issue presented is whether the facts alleged support a claim that defendants violated clearly established law, the denial of summary judgment is immediately appealable and we conduct a de novo review. See Pace v. City of Des Moines, 201 F.3d 1050, 1052 (8th Cir. 2000). Qualified immunity shields government officials from suit, unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In determining defendants' entitlement to immunity, we determine whether the plaintiff has alleged a deprivation of constitutional magnitude, and if so, whether that right was so clearly established that defendants would have known their conduct violated the Constitution at the time of their acts. See Weiler v. Purkett, 137 F.3d 1047, 1050 (8th Cir. 1998) (en banc). Because the Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates, a prison official may be liable for failing to protect an inmate if the inmate has suffered an

objectively serious deprivation and the official acted with deliberate indifference to the inmate's safety. See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). To be deliberately indifferent, the prison official must have known of, yet disregarded, an excessive risk to the inmate's safety; that is, the official must have been aware of facts from which an inference could be drawn that the inmate faced a substantial risk of serious harm, and the official must have drawn the inference. See id. at 837.

We disagree with the district court that Cohrs alleged a deprivation of constitutional magnitude in his claim that Toney and Johnson failed to prevent the attack. It was undisputed that Cohrs had been in Barracks 14--the barracks where he was attacked--for only two weeks prior to the attack, he did not have an enemies list, and he had talked only casually with his attacker. It was also undisputed that there had been no talk of the attack prior to its occurring. The evidence, moreover, does not support an inference that Toney and Johnson knew of a specific risk to Cohrs, or knew that whites were generally at risk of being attacked by African-Americans in Barracks 14. At a pretrial hearing, Cohrs testified he heard other white inmates had been assaulted the same night he was, but he did not testify (or allege, for that matter) that Toney and Johnson were aware of these attacks, or that racially-motivated attacks had previously occurred in Barracks 14. Additionally, Cohrs asserted in his brief opposing summary judgment that an interoffice communication noted that two attacks had occurred earlier during the night of his assault. He failed to submit a copy of the interoffice communication, however, and he never alleged that Johnson and Toney were aware of the communication before the attack. Under these circumstances, we believe the facts require a conclusion that defendants were not deliberately indifferent for failing to prevent the attack. See Prosser v. Ross, 70 F.3d 1005, 1007 (8th Cir. 1995) (prison officials are entitled to qualified immunity from claims arising out of surprise attack by one inmate on another, even if officials know attacking inmate may be dangerous or violent). Therefore, Toney and Johnson are entitled to qualified immunity on Cohrs's claim that they failed to prevent the attack.

Cohrs also claimed, however, that Johnson should have responded sooner to the attack. As to this claim, Cohrs testified that Johnson would have been able to see the fight from the control booth, and that Johnson had been in the control booth when Cohrs last saw him. Additionally, Cohrs alleged in his verified complaint that the fight lasted twenty to twenty-five minutes. Viewing this evidence most favorably to Cohrs, it appears that Johnson, from the safety of the control booth, witnessed the twenty-five-minute fight and did nothing. Although prison guards have no constitutional duty to intervene in an armed assault of one inmate upon another when intervention would place the guards in physical danger or when the inmates outnumber the guards, see id. at 1008, we believe a genuine issue of material fact exists as to whether Johnson was deliberately indifferent for failing to seek help from other parts of the prison. We therefore affirm the district court's denial of qualified immunity to Johnson on the claim that he did not timely respond.

Accordingly, we reverse and remand for an order granting summary judgment for Toney and dismissing him from the case entirely. We also reverse and remand for an order granting summary judgment for Johnson on the claim that he was deliberately indifferent for failing to prevent the attack. However, we affirm the denial of summary judgment as to Johnson on the failure-to-respond-sooner claim.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-